IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-62,699-02






EX PARTE RICHARD TULLOS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR-22984-AA IN THE 217TH/ 159TH JUDICIAL DISTRICT COURT

ANGELINA COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offenses of manufacture of a controlled substance (Count I)
and possession of a controlled substance (Count II), and punishment was assessed at fifteen
(15) years' and ten (10) years' confinement, respectively. Applicant's convictions were
affirmed on appeal. Tullos v. State, No. 09-03-106-CR (Tex. App. --Beaumont, delivered
June 9, 2004, pet. ref'd).

 Applicant contends that his convictions for possession and manufacture of the same
controlled substance constitute double jeopardy.

 The trial court has entered findings of fact or conclusions of law finding that there
remain no controverted, previously unresolved facts material to the legality of Applicant's
confinement. However, we do not believe that those factual findings are sufficient to
completely resolve the issue presented. The record does not reflect whether Applicant's
claim of double jeopardy is procedurally defaulted or whether the double jeopardy violation
is clearly apparent on the face of the record. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.
Crim. App. 2000). Because Applicant has stated facts requiring resolution and because this
Court does not hear evidence, it is necessary for the matter to be remanded to the trial court
for resolution of those issues. The trial court shall resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from counsel or it may order a hearing. In the appropriate case the trial court
may rely on its personal recollection and court records.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether Applicant preserved his
claim of double jeopardy; whether one offense was a lesser included offense of the other; and
whether Applicant received two convictions based on the same conduct and same evidence. 
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the indictment, judgment, excerpts of the
trial transcript, affidavits from counsel, and any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2006.

EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.